FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jul 12, 2022
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

| | |
|---|---|
| **Joan DOE**<br>**Plaintiff,**<br><br>v.<br><br>**The Board of Trustees for**<br>**The University of Arkansas in their**<br>**Official Capacity, University of Arkansas**<br>**President And CEO Donald Bobbitt,**<br>**The University of Arkansas School of Law,**<br>**DEFENDANT(S)** | Civil Action No. 5:22cv5137 |

## I. PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING A PSEUDONUYM AND FOR A PROTECTIVE ORDER

1. Plaintiff, Joan DOE, proceeding pro se, moves this Court for an order permitting use of a pseudonym, and for a protective order prohibiting Defendant and any other officials or employees or agents of Defendant from disclosing her identity.

2. Defendant classified Plaintiff with a character and fitness problem in the fall semester of 2021. Defendant ordered Plaintiff to undergo a psychiatric evaluation and required Plaintiff to release the record of that evaluation to JLAP, a third-party group created by the Ark. Sup. Ct.. Defendant further ordered Plaintiff legally release JLAP to disclose said medical and treatment record to itself. When Plaintiff requested reasonable accommodations to resolve Defendant's concern without violating her fundamental right to privacy, Defendant refused. When Plaintiff did not comply with Defendant's orders, Defendant placed her on interim suspension. After exhaustion of Defendant's process, Plaintiff remains suspended, pending

1

completion of numerous conduct sanctions, including certification by a mental health professional, and payment of conduct assessment fees.

      3.      Plaintiff filed suit in this Court alleging Defendant discriminated against her in violation of the Americans with Disabilities Act 42. U.S.C.A. §§ 12132 et. seq. and 12134(a), violated her due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and violated the Family Educational Rights and Privacy Act (FERPA) Title 34, Part 99 of the Code of Federal Regulations.

      4.      Plaintiff seeks a declaratory judgment requiring Defendant to reinstate Plaintiff immediately in good standing and clear her record of this matter.  Plaintiff asks the Court enjoin Defendant from continuing the courses of conduct that gave rise to this suit.

## II. ARGUMENT

      5.      This case arises from events of a deeply personal and sensitive nature. Reputational harm is a bell that one cannot un-ring.  To the extent this Court may prevent additional reputational harm, Plaintiff requests leave to proceed under a pseudonym and a protective order to shield her identity as well as the identity of other students who may participate or testify in this suit.  Plaintiff regrets proceeding pro se but is unable to secure private counsel yet unqualified for use of legal aid.

      6.      Plaintiff also makes this request because grant thereof facilitates provision of the documentation Plaintiff possesses, and has possessed, which may unequivocally render Defendant's stated concern invalid.  Plaintiff asks the Court to honor her fundamental right to privacy by providing leave for use of a pseudonym and for a protective order so that the referenced documentation may be submitted to the court and the efficiency of justice may be

2

served. Without the orders, Defendant's supposition alone will serve as justification for violation of Plaintiff's fundamental right to medical privacy as a condition of access to public education, all without any relevant finding of fact as required by the Americans with Disabilities Act. And, the privacy of all students who may participate in this suit will be permanently and unnecessarily harmed.

7. The strong presumption of openness in the judicial process that requires use of parties real names is overcome in appropriate cases based upon the discretion of the Court. *Fed. Rules Civ. Proc. Rule* 10(a) and *Roe v. St. Louis Univ.*, 2009 WL 910738, at 3 (E.D. Mo.) (holding interest in preserving plaintiff's privacy outweighed public interest in ascertaining her true identity).

8. This case involves the following non-exhaustive factors Courts often deem relevant in ruling on such a motion: (1) the request is not merely to avoid the annoyance or criticism that may accompany the suit; (2) the suit requests declaratory judgment of allegations of constitutional harm caused by a government agency; (3) the suit involves a matter of the utmost personal intimacy, that is, one's mental health status which carries substantial stigma; (4) the risk to Defendant created by grant of this motion is de minimis; (5) witnesses similarly situated may be disinclined to participate without a protective order in place; and, (6) identification creates material risk of retaliatory harm.

9. If Plaintiff is not permitted to proceed anonymously, she will be denied the benefit of her litigation even if she is successful. The stigma of a mere accusation of mental illness may irreparably harm her ability to realize employment and social statuses to which she is otherwise qualified and capable of attaining. The online record created by the litigation will publish for perpetuity the details of the matter Plaintiff seeks to undo and overcome and may

3

seriously impeded Plaintiff's ability to procure witnesses necessary to prove her case. Finally, and perhaps most importantly, Plaintiff believes the matter may resolve in its entirety and with utmost efficiency if she is permitted to disclose information under proper protection of her fundamental right to privacy.

### III. REQUEST FOR LEAVE AND ORDER OF THE COURT

10. For these reasons Plaintiff asks the Court grant her motion for leave to proceed using a pseudonym and enter the requested order of protection.

Dated this 12 day of July, 2021.

Respectfully Submitted,

_____

Joan Doe, Plaintiff pro se
7 N. Waterloo Rd. #254
Devon, Pennsylvania 19333
(479) 372-2892
Sunshinecharlie13@yahoo.com