UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOAN DOE                                                                                                    PLAINTIFF

v.                                              No. 5:22-cv-05137

THE BOARD OF TRUSTEES FOR THE
UNIVERSITY OF ARKANSAS IN THEIR
OFFICIAL CAPACITY, UNIVERSITY OF
ARKANSAS PRESIDENT AND CEO
DONALD BOBBITT, THE UNIVERSITY OF
ARKANSAS SCHOOL OF LAW                                                                    DEFENDANTS

**ORDER**

Before the Court is Plaintiff Joan Doe's motion (Doc. 3) for a protective order and for leave to proceed using a pseudonym. Defendants state that they have no objections. (Doc. 15). Because Defendants do not object to Plaintiff's use of a pseudonym, and because this case largely concerns the question of Plaintiff's mental health, Plaintiff's motion will be GRANTED as to the use of a pseudonym. *See Doe v. Univ. of St. Thomas*, No. 16-cv-1127, 2016 WL 9307609, at *1 (D. Minn. May 25, 2016) (pseudonyms may be used in cases involving "intensely personal matters" in order to protect privacy).[1]

Further, because the evidence in this case consists in large part of Plaintiff's private medical and academic records, the Court agrees with the parties that a protective order is appropriate. However, the Court feels that the parties are in the best position to determine the appropriate scope and content of any protective order issued. Plaintiff's motion is therefore

---

[1] The Court notes that "[p]roceeding under a pseudonym in federal courts is, by all accounts, an unusual procedure." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (internal quotations omitted). Several circuits recognize a strong presumption against allowing parties to use pseudonyms. *See Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Frank*, 951 F.2d 320, 323–24 (11th Cir. 1992); *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). However, because the parties consent and the issue of Plaintiff's mental health is pervasive in this matter, the Court will allow Plaintiff's use of a pseudonym in this instance.

1

DENIED WITHOUT PREJUDICE as to the filing of a protective order. If the parties wish to proceed under a protective order, they should agree to its content, file a new Motion for Protective Order, and send a copy of the agreed-upon order to PKHinfo@arwd.uscourts.gov. If the parties cannot agree as to the content of the protective order, they may submit separate motions and proposed orders following this same procedure.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 3) for a protective order and to proceed under a pseudonym is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

IT IS SO ORDERED this 25th day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE