UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOAN DOE                                                                                           PLAINTIFF

v.                                          No. 5:22-cv-05137

BOARD OF TRUSTEES FOR THE UNIVERSITY OF
ARKANSAS; DONALD BOBBITT; UNIVERSITY
OF ARKANSAS SCHOOL OF LAW                                                   DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 9) and memorandum in support (Doc. 10). Defendants have filed a response in opposition (Doc. 13). For the reasons stated below, Plaintiff's motion will be DENIED.

**I.   Background**

The facts of this case, as alleged, are set forth in the Court's Opinion and Order (Doc. 19) granting in part and denying in part Defendants' Motion to Dismiss (Doc. 12). For purposes of the present discussion, it will suffice to say that Ms. Doe was suspended from the University of Arkansas School of Law ("Law School") for failing to complete an ordered psychiatric examination. She brought claims against the Law School, the University of Arkansas Board of Trustees, and Donald Bobbitt (the president of the University of Arkansas) under the ADA, FERPA, and 42 U.S.C. § 1983. In its previous Opinion and Order, this Court dismissed the FERPA claim and Ms. Doe's § 1983 claim for deprivation of procedural due process as to her permanent suspension. The Court also held that monetary damages are not available for her remaining § 1983 due process claim against Bobbitt. Ms. Doe's remaining claims are for ADA violations and a deprivation of procedural due process during her temporary suspension.

Ms. Doe seeks a temporary restraining order and preliminary injunction requiring Defendants to do the following:

- Not enforce Ms. Doe's suspension, sanctions, and re-enrollment requirements.
- Grant priority enrollment status for all of Ms. Doe's remaining graduation course requirements.
- Take whatever steps are necessary to restore Ms. Doe's financial aid status as of the date of suspension.
- Allow Ms. Doe to re-enroll and participate in classes regardless of her financial means.
- Provide Ms. Doe with books and living expenses required for completion of her next semester.
- Permit Ms. Doe to complete her remaining coursework remotely as needed.
- Take no further action on the matter of suspension until the end of Ms. Doe's next semester.
- Cease "investigation, monitoring, restrictive treatment, or other harassing actions" against Ms. Doe.

(Doc. 9, pp. 5–6).

Ms. Doe claims that, in the absence of such an injunction, she will be irreparably harmed. (Doc. 10, pp. 15–16). The irreparable harms she claims are as follows:

- The deprivation of liberty in being denied due process during her temporary suspension. *Id.* at 15.
- Her exclusion from government services based on her perceived disability. *Id.* at 16.
- The humiliation and shame associated with her colleagues and family finding out about her suspension. *Id.*

- Educational time lost, with the corresponding loss of earning potential. *Id.*

- The fact that her student loan payments were no longer deferrable, with payment due in September 2022. (Doc. 18, p. 3).

- Her inability to "enjoy the employment benefits of her legal education" due to the effect of the suspension on her reputation. *Id.*

- The fact that a required course which Ms. Doe has not yet taken is only offered in the fall semester and the Law School's internal policies require that Ms. Doe complete her graduation requirements by this spring. *Id.* at 3–4.

## II. Legal Standard

In determining whether to grant a preliminary injunction, this Court considers four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The movant has the burden of establishing that the injunction is proper. *Watkins Inc. v. Lewis*, 346 F.3d 841 (8th Cir. 2003). While no single factor is dispositive, an injunction will be denied if irreparable harm is not shown. *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992). Temporary restraining orders are granted according to the same standard. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022).

## III. Form of Relief

Ms. Doe has moved for both a temporary restraining order and a preliminary injunction. However, a temporary restraining order generally cannot last longer than 14 days, while a preliminary injunction continues until a ruling is made on the merits. *Tumey*, 27 F.4th at 665. Because the standard for granting both is the same and Ms. Doe would likely need more than two

weeks to complete her legal education, the Court opts to consider a preliminary injunction as opposed to a temporary restraining order.

**IV.    Threat of Irreparable Harm**

To demonstrate irreparable harm, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996). The Court accordingly analyzes Ms. Doe's claims of irreparable harm against this standard.

a.    <u>Deprivation of Liberty – Temporary Suspension</u>

Ms. Doe claims that her deprivation of liberty due to her temporary suspension constitutes irreparable harm. However, as the Court explained in its previous Opinion and Order, the temporary suspension has ended and a permanent suspension is in effect. Therefore, any harm flowing from faulty process during the temporary suspension is not imminent, and therefore shows no clear and present need for equitable relief.

b.    <u>Exclusion from Government Services Based on Perceived Disability</u>

Ms. Doe claims that her exclusion from the law school based on her perceived disability is itself an irreparable harm. It is true that many courts presume that a violation of a civil rights statute is an irreparable harm. *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs,* 251 F.3d 814, 827 (9th Cir. 2001); *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423 (11th Cir. 1984); *ARC of Iowa v. Reynolds*, 559 F. Supp. 3d 861 (S.D. Iowa 2021). In such cases, irreparable harm and the likelihood of success are linked: if the requisite showing of a likelihood of success cannot be made, there is no irreparable harm. *Powell v. Noble*, 798 F.3d 690 (8th Cir. 2015). Accordingly, the Court turns to the merits of Ms. Doe's ADA claim.

Under *Watkins*, Ms. Doe has the burden of demonstrating her likelihood of success on the merits. She does not need to show that she is more likely than not to prevail, only that she has a "fair chance" of prevailing. *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) (en banc). But even if the Court takes the facts as Ms. Doe has stated them, Ms. Doe does not succeed in a merits showing at this stage.

In its previous Opinion and Order, the Court denied Defendants' motion to dismiss Ms. Doe's ADA claims for sovereign immunity. It noted that, when determining a state actor's liability under the ADA, courts must consider "(1) which aspects of the State's alleged conduct violated Title II [of the ADA]; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *United States v. Georgia*, 546 U.S. 151 (2006); *Tennessee v. Lane*, 541 U.S. 509 (2004).

Assuming without deciding that Ms. Doe has stated a valid claim under the ADA, she would also need to show either that the discriminatory conduct violated the Fourteenth Amendment or that the purported abrogation of sovereign immunity by Congress was nevertheless valid. Ms. Doe will likely be unable to demonstrate a Fourteenth Amendment violation and has not met her burden to demonstrate validity of the abrogation otherwise. Accordingly, Ms. Doe has not shown the requisite fair chance of success on the merits.

When no fundamental right or suspect classification is at issue, government action comports with the Fourteenth Amendment as long as it has a rational basis. *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 996 (8th Cir. 2016). Education is not a fundamental right under the Fourteenth Amendment. *Friends of Lake View Sch. Dist. Inc. No. 25 of Phillips Cty. v. Beebe*, 578

F.3d 753 (8th Cir. 2009). Further, people with disabilities are not a "suspect class" for purposes of the Fourteenth Amendment. *Hansen v. Rimel, 104 F.3d 189, 190 n.3* (8th Cir. 1997). Therefore, the rational basis standard applies to Defendants' actions in this case. An action meets the rational basis standard if it is rationally related to any conceivable, legitimate state purpose. *Doe, I v. Peterson*, 43 F.4th 838 (8th Cir. 2022). Ms. Doe concedes that the Law School "certainly has a valid concern in the well-being of its students." (Doc. 10, p. 17). That "valid concern" would almost certainly be a legitimate state purpose, and other legitimate state purposes (such as ensuring the psychological stability of future attorneys) are conceivable. Therefore, Ms. Doe is unlikely to prevail on the merits of her claim by making a showing of a Fourteenth Amendment violation.

As for the "nevertheless valid" consideration in *Georgia*, courts conduct a three-part inquiry: the constitutional rights Congress sought to enforce in enacting the law being reviewed, whether Congress identified a history and pattern of unconstitutional conduct by the states, and whether the abrogation was a proportionate response to the constitutional violation. *Klinger v. Dir., Dept. of Revenue, State of Mo.*, 455 F.3d 888, 894 (8th Cir. 2006). While Ms. Doe has shown that Congress was concerned about discrimination against disabled individuals generally (Doc. 10, p. 16), she needs to show that Congress identified a pattern of *irrational* discrimination committed by the *states*. She has not made this showing.

For these reasons, Ms. Doe has not demonstrated a fair chance of success on the merits of her ADA claims. Accordingly, she has not shown irreparable harm from their violation.

  c. <u>Humiliation and Shame from Others Learning of Suspension</u>

Ms. Doe claims that "[n]othing erases the humiliation of being escorted into and out of the law school building by an armed, uniformed police officer in the presence of Plaintiff's colleagues [or] the shame of informing Plaintiff's family that [she is] no longer . . . a law school student."

(Doc. 10, p. 16).  However, irreparable harm cannot be established where the harm has already occurred and the injunction could not prevent it.  *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012).  Here, Ms. Doe has already been escorted by police in front of her peers and had to break the news of her suspension to her family.  An injunction cannot prevent these harms from having happened.  Accordingly, Ms. Doe has not shown a risk of irreparable harm with regard to these events.

        d.  <u>Loss of Educational Time and Income Potential</u>

Ms. Doe argues that her loss of educational time, and corresponding loss of income potential, constitute irreparable harm.  (Doc. 10, p. 16).  However, Ms. Doe has made no showing to that effect.  She has given no indication as to her post-graduation job prospects, expected post-graduation income, or existing earning capacity.  Without this information, it would be speculative to conclude that Ms. Doe has lost income potential.  Speculative harm does not rise to the standard of irreparable harm for purposes of a preliminary injunction.  *S.J.W.*, 696 F.3d at 779.  Additionally, if Ms. Doe is able to demonstrate a Fourteenth Amendment violation, she can collect money damages on her ADA claims.  *Georgia*, 546 U.S. at 159.  If monetary damages are available to compensate Ms. Doe for her lost income potential, the lost time is not irreparable harm.  *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).  Accordingly, Ms. Doe has not shown irreparable injury flowing from loss of educational time or income potential.

        e.  <u>Student Loan Payments</u>

Ms. Doe states that her student loans are no longer deferrable and that she was scheduled to resume payments as of September 2022.  (Doc. 18, p. 3).  The Court finds that this is not a sufficient showing of irreparable harm.  Ms. Doe has not specified the amount of those payments, so the Court is unable to determine whether the harm is "great," as required by *Iowa Utilities*

*Board*.  Additionally, she has not addressed the possibility of other relief available to her in the form of COVID-related payment pauses, relief programs for low-income borrowers, and income-based repayment plans.  Therefore, the Court cannot determine whether Ms. Doe's altered loan status creates a "clear and present need for relief." *Id.*  As discussed in (d), *supra*, Ms. Doe may also be able to collect money damages to compensate her for the loan payments.  Accordingly, Ms. Doe has failed to demonstrate irreparable harm arising from her new student loan situation.

      f.  <u>Lost Benefits of Legal Education due to Suspension</u>

Ms. Doe argues that she has lost the benefits of her legal education due to the stain of the suspension on her record.  (Doc. 18, p. 3).  However, her requested injunction will not remedy this concern.  The injunction would not remove the suspension from her record; instead, she requests only that its enforcement be enjoined.  Accordingly, the reputational harm from the suspension is not an irreparable harm which the injunction sought could remedy.

      g.  <u>Missed Opportunity to Take Required Class</u>

Finally, Ms. Doe argues that if she is not allowed to resume classes for the Fall 2022 semester, she will be unable to take a required course, and that she must complete all of her required courses by the Spring 2023 semester in order to graduate.  (Doc. 18, pp. 3–4).  The Court was unable to address Ms. Doe's motion before the fall semester had substantially elapsed.  Accordingly, a preliminary injunction would not prevent the harm flowing from Ms. Doe's inability to take this class.

However, the Court does not believe that its busy docket and Defendants' internal policy should combine to thwart an otherwise meritorious claim for relief.  Therefore, *if* Ms. Doe ultimately prevails on the merits in this case, the Court intends to enjoin the enforcement of the

8

graduation deadline as to Ms. Doe so that she is not disadvantaged by her suspension. With this in mind, Ms. Doe's missed opportunity to sit for this particular class is reparable.

IT IS THEREFORE ORDERED that Ms. Doe's Motion (Doc. 9) for a temporary restraining order and preliminary injunction is DENIED.

IT IS SO ORDERED this 28th day of November, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE