UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


JOAN DOE                                                                           PLAINTIFF

No. 5:22-cv-05137

BOARD OF TRUSTEES FOR THE UNIVERSITY
OF ARKANSAS, et al.                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court is the Defendants' motion for entry of a protective order (Doc. 33) and

proposed protective order (Doc. 33-1).  For the reasons set forth below, the Court will GRANT

the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause,

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense."  "The burden is therefore upon the movant to show the necessity of its

issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished

from stereotyped and conclusory statements.'"  *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d

1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, *Federal Practice & Procedure: Civil* § 2035

at 264–65).

The proposed protective order includes personnel files, educational records, medical

records, and documents that could lead to the discovery of the pseudonymous plaintiff's identity.

Courts routinely protect similar information in employee personnel files.  *See Kampfe v. Petsmart,*

*Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc.*, No.

06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty.*

*Comm'rs*, No. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel

1

files and records are confidential in nature and that, in most circumstances, they should be protected

from wide dissemination"). There is no reason to believe that educational records should be treated

differently. As for medical records, although federal law generally prohibits the disclosure of the

protected health information of third parties, the Health Insurance Portability and Accountability

Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 allows disclosure of this information for

purposes of litigation where a protective order is in place. *See* 45 C.F.R. § 164.512(e)(v)(A).

Finally, because several of Ms. Doe's filings have contained her unredacted name despite her wish

to proceed pseudonymously, the Court believes that the additional measure of a protective order

is appropriate to protect her privacy. The Court finds that the University of Arkansas has shown

good cause for entry of a protective order regarding these categories of documents.

The Court will grant Defendants' motion for a protective order. The Court has revised

the proposed order to clarify that this Order may not be modified without the Court's consent.

IT IS THEREFORE ORDERED:

1. Scope. All documents and materials produced in the course of discovery of this case,
   including initial disclosures, responses to discovery requests, all deposition testimony and
   exhibits, and information derived directly therefrom (hereinafter collectively
   "documents"), are subject to this Order concerning Confidential Information as set forth
   below. As there is a presumption in favor of open and public judicial proceedings in the
   federal courts, this Order will be strictly construed in favor of public disclosure and open
   proceedings wherever possible.

2. Definition of Confidential Information. As used in this Order, "Confidential Information"
   is defined as information that the producing party designates in good faith has been
   previously maintained in a confidential manner and should be protected from disclosure

and use outside the litigation because its disclosure and use is restricted by law or there is a reasonable potential that disclosure will cause annoyance, embarrassment, oppression, or undue burden or expense to the producing party.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    a.   Education records as defined by the Family Educational Rights and Privacy Act (FERPA).

    b.   Personnel records of current or former employees of the Defendants.

    c.   Personal health information protected by the Health Insurance Portability and Accountability Act, and the Plaintiff's medical records.

    d.   Any document that would disclose or could lead to the disclosure of the identity of Joan Doe.

3.  <u>Form and Timing of Designation</u>.  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents

that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a designated document as confidential, the designating attorney and party thereby certify that the document contains Confidential Information as defined in this Order.

4. <u>Inadvertent Failure to Designate</u>.  Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 10 days after discovery of the inadvertent failure.

5. <u>Depositions</u>. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty  days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. <u>Protection of Confidential Material</u>.

    a. *General Protections*.  A party who receives designated Confidential Information during the course of this lawsuit may only use or disclose that information for purposes of prosecuting or defending this lawsuit, including any appeals.  This Order does not prohibit a party from using, disclosing, or handling Confidential Information that it already possessed before receiving another copy during the course of this lawsuit or that it received or created in the normal course of its operations in any manner not prohibited by law.

    b. *Who May View Designated Confidential Information*.  Except with the prior written consent of the designating party or prior order of the court, and except for

4

the provision of this Order that it does not prohibit a party from using, disclosing, or handling Confidential Information that it already possessed before receiving another copy during the course of this lawsuit or that it received or created in the normal course of its operations in any manner not prohibited by law, designated Confidential Information may only be disclosed to the following persons:

   i.  The parties to this litigation, including any employees, agents, and representatives of the parties;

  ii.  Counsel for the parties and employees and agents of counsel;

 iii.  The court and court personnel, including any special master appointed by the court;

  iv.  Court reporters, recorders, and videographers engaged for depositions;

   v.  Any mediator appointed by the court or jointly selected by the parties;

  vi.  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have made a written certification acknowledging receipt and review of this Order and agreeing to be bound by its terms;

 vii.  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation, but only after such persons have made a written certification acknowledging receipt and review of this Order and agreeing to be bound by its terms;

viii.  Third party witnesses in the action, but only after such persons have made a written certification acknowledging receipt and review of this Order and

agreeing to be bound by its terms; and

    ix.  Other persons only upon consent of the producing party and on such conditions as the parties may agree, or pursuant to a court order.

    c.  *Control of Documents*.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

7. <u>Filing of Confidential Information</u>.  Any Confidential Information disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be filed under seal and maintained by the Clerk with access restricted to the Court and parties.  Given the highly sensitive nature of the issues in this action, the frequency with which Plaintiff's identity and other confidential information is disclosed in documents expected to be filed in this matter, and the need to minimize the risk of inadvertent disclosure of Plaintiff's identity and other confidential information, the parties shall be allowed to file unredacted documents that contain her identity or other confidential information under seal and shall not be required to publicly file redacted copies of those documents.

8. <u>Challenges to a Confidential Designation</u>.  If any party objects to another's designation of Discovery Materials as confidential, the objecting party shall give the party making the designation written notice of such objection, stating the reason(s) for the objection.  The designating party shall respond in writing within ten (10) days of its receipt.  If the parties cannot resolve their dispute, the matter may be brought before the Court using the procedures described in the Court's final scheduling order in this case.

9. <u>Use of Confidential Documents or Information at Hearings</u>.  Nothing in this Order will

be construed to affect the use of any document, material, or information at any hearing or at trial.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or at trial must bring that issue to the attention of the court and the other parties without publicly disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. Obligations on Conclusion of Litigation.

    a.  *Order Remains in Effect*. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    b.  *Return of Confidential Documents*. Upon request by the producing party, within 30 days of the conclusion of this action, Confidential Materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party, except to the extent that a copy must be retained by counsel to comply with the law, another court order, or mandatory professional obligations, in which case the Confidential Materials will remain subject to this order.  In the event counsel possesses attorney work product containing or referring to Confidential Materials, such attorney work product shall remain subject to the restrictions set forth in this order or in the alternative may be destroyed.

11. Order Subject to Modification. This Order is subject to modification by the Court either on its own motion or on motion of any party or any other person with standing concerning the subject matter.

12. <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

13. <u>Persons Bound by Protective Order</u>.  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

14. <u>Jurisdiction</u>.  The court will retain jurisdiction to enforce the provisions of this Order after the final disposition of this case.

IT IS SO ORDERED this 13th day of March, 2023.

_/s/ P. K. Holmes, III_

P.K. HOLMES, III
U.S. DISTRICT JUDGE