Form 1B

**Notice of Appeal to a Court of Appeals From an Appealable Order of a District Court**

United States District Court for the

Western District of Arkansas

Docket Number 5:22-cv-05137

| | |
|---|---|
| Joan Doe<br><br>v.<br><br>Board of Trustees for the University of Arkansas, and Donald Bobbitt, President and CEO of the University of Arkansas | Notice of Appeal |

Plaintiff, Joan Doe, appeals to the United States Court of Appeals for the Eighth Circuit from the order by Honorable Judge P.K. Holmes of the Western District of Arkansas, Civil Division. Plaintiff appeals the Court's order on July 28, 2023, that denied a Rule 6(b) motion for extension of time to complete discovery. Plaintiff filed the Rule 6(b) motion eighteen days before the deadline to complete discovery. Plaintiff stated the reasons for the request for more time including illness, lack of resources, and Defendants' objections to discovery requests thus far. Honorable Judge Holmes denied the motion stating that the Court's "busy docket makes it impractical to reschedule the trial in this matter." (*Doc. 41*).

The District Court's order explicitly stated the deadline for discovery "WILL NOT BE EXTENDED." *Id.*. The Court converted Plaintiff's Rule 6(b) motion into a motion to compel discovery and ordered submission of a memorandum of law addressing Defendants' objections to discovery. *Id.*.

But Plaintiff 's Rule 6(b) motion did not request rescheduling of the trial date. (*Doc. 40*). And the District Court's docket shows no signs of congestion. Plaintiff receives emails containing the District Court's docket and there consistently are multiple days wherein either nothing is scheduled or only a sentencing hearing is scheduled.

Plaintiff appeals under the collateral order doctrine, 28 U.S.C.A. 1291, which allows interlocutory appeal of district court decisions that are conclusive, that resolve important issues separable from the merits of the matter, and that are unreviewable on appeal from a final judgment.

The District Court's denial of Plaintiff's Rule 6(b) motion is an abuse of discretion. The Court abused its discretion when it failed to exercise its discretion and conduct a proper analysis of the facts, that is, the actual demands of its docket. *See Petrone v. Werner Enterprises, Inc.*, 42 F.4th 962, 968 (8th Cir. 2022) (*finding an abuse of discretion where district court failed to conduct Rule 37(c)(1) analysis*).

Respectfully submitted,

By:     Joan Doe
*Plaintiff, pro se*
*Post Office Box 3197*
*Fayetteville, Arkansas 72703*
[Sunshinecharlie13@yahoo.com](Sunshinecharlie13@yahoo.com)
*479-372-2892*